McKinney, J.,
delivered the opinion of the Court.
This was an application by petition, filed on the 23d of June, 1856, to the Chancery Court at Memphis, for a writ of possession to he let into the possession of lot No. 381. On the' 30th of October, 1852, said lot was sold by the clerk and master of said Court, under a decree made in the case of the Planters’ Bank against the defendants Powlkes and White, subjecting said lot to sale for the satisfaction of the unpaid purchase - money due from *463 Fowlkes, the purchaser, to the hank as vendor; and at said sale the hank became the purchaser. At the time of the master’s sale in October, 1852, and for some time previous, the defendant White was in the actual possession of said lot, claiming, for himself under a purchase from Fowlkes. In the final decree, confirming the sale and vesting the title in the bank, no writ of possession was sought for or awarded: this decree was made on the 19th of January, 1853. The bank, without having taken any step to obtain possession of said lot, and while it continued in the actual adverse possession of the defendant White, to wit, on the 6th of May, 1853, sold and conveyed said lot to one Wilder, in trust for the separate use of Mrs. Fowlkes; and on the 19th of June, 1855, Wilder sold and conveyed said lot to Suffarrans & Co.; and they afterwards sold and conveyed the same to Grilling, by whom this application was made in the name of the bank. At the several dates' of the respective conveyances before mentioned, the defendant White held adverse possession of said lot, which continued uninterrupted from a period anterior to the master’s sale to the present time. The decree in January, 1853, was final, putting an end to the control and jurisdiction of the Court over the parties and the subject-matter of the suit.
The Chancellor, on this state of the facts, awarded a writ of possession, and the defendant White appealed.
The Chancellor erred in allowing the application. The practice is well settled in this State, that a Court of Chancery will carry into full effect sales made under its authority, by putting the' purchaser into possession in all proper cases, so long as the Court retains control over the subject-matter and parties. But such is not the present case. *464 Here, a final disposition, had been made of the entire cause more than three years before the presentation of this application: nothing more remained to be done, and for no future purpose •whatever was any control reserved by the Court. In this view, we denied the jurisdiction to render judgment for the unpaid purchase - money upon a similar state of facts: Vanbibber vs. Sawyers, 10 Humph., 81. And on this ground alone, the application ought to have been refused.
But, again, this proceeding is manifestly a subterfuge to avoid the statute against champerty. The several conveyances before mentioned are void, at least so far, that no title is communicated by either to the successive purchasers. And this is simply an attempt, by indirection, to give effect, through the medium of a summary proceeding in equity, to conveyances that are wholly inoperative both at law and in equity. On this ground the application ought to have been repelled. We do not mean to be understood that ejectment would not lie to recover the possession, at law, on a demise in the name of the bank, as held in Wilson vs. Nance, 11 Humph., 189, but this question is not now in judgment, and we therefore express no opinion upon it.
The order for the writ of possession will be reversed, and the petition dismissed.